# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES GUSTAVE MALOTT,<br><br>               Plaintiff,<br><br>v.<br><br>JON DOE,<br><br>               Defendant. | Case No. 25-CV-1181-JPS<br><br>**ORDER** |

Plaintiff James Gustave Malott ("Plaintiff"), proceeding pro se, sues Defendant Jon Doe ("Doe") alleging that he is "being hit by large amounts of [r]adio frequency." ECF No. 1 at 2. Plaintiff has moved for miscellaneous relief, specifically that the Court stop the "[r]adio [f]requency being directed at [his] body" or "prove the amount of radio frequency being directed at [his] body." ECF No. 5 at 1.

Plaintiff moved to proceed without prepayment of the filing fee, or in forma pauperis, but later paid the filing fee for this action. ECF No. 2; Aug. 28, 2025 Docket Annotation. The Court will accordingly deny as moot Plaintiff's motion to proceed in forma pauperis. And while the Court typically reserves the exercise of screening a complaint for those situations wherein the litigant proceeds without prepayment of the filing fee, the Court may nevertheless choose to screen a complaint for which the filing fee has been paid where such complaint presents obvious pleading issues. The Court will do so in this case.

1. **SCREENING STANDARD**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the

Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 516 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 2. RELEVANT ALLEGATIONS

Plaintiff asserts that he is "being hit by large amounts of [r]adio frequency" and that the radio frequency is "causing pain." ECF No. 1 at 2–3. The complaint is bare of additional allegations, mentioning only that Plaintiff has "provided with [his] complaint [t]he amount of police calls [that he has] made over the issue of [r]adio [f]requency being directed at his body and causing [him] pain." *Id.* at 3. Plaintiff attaches a police log showing forty-four calls to the Green Bay Police Department from Plaintiff between June 12, 2014 and June 13, 2025. *See* ECF No. 1-1.

Plaintiff sues for a violation of federal law under 28 U.S.C. § 1331 and seeks that "all [r]adio [f]requency that is being directed at [him] [be] stopped and prevented[,] also proven." ECF No. 1 at 4.

Plaintiff mentions that he also sued his former employer "to have the [r]adio frequency stopped and removed." *Id.* at 2. The Court believes this is a reference to *Malott v. American Foods Group LLC, et al.*, No. 25-CV-819-SCD (E.D. Wis. 2025) ("*American Foods*"). In *American Foods*, Plaintiff alleged that his former employer had caused him pain by directing radio frequencies at his body. *See American Foods*, ECF No. 1. Similarly to here, in *American Foods* Plaintiff sought the relief that all radio frequency being directed at him be "proven and removed." *Id.* at 13. *American Foods* was ultimately dismissed for lack of subject matter jurisdiction. *Id.*, ECF No. 33.

3.  **SCREENING ANALYSIS**

Plaintiff's case must be dismissed because the Court lacks subject matter jurisdiction over his claims. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998))). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); and *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)). A federal court has subject matter jurisdiction over claims if either (1) those claims arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or (2) "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States," 28 U.S.C. § 1332(a)(1). Neither apply here.

While Plaintiff asserts that he is suing for a violation of federal law under 28 U.S.C. § 1331, ECF No. 1 at 4, he references no federal law that applies to his injuries, *see generally id.* The Court is not independently aware of any federal law or Constitutional right that allows an individual to sue someone for directing radio frequency at them. Further, because Plaintiff only seeks equitable relief, the Court does not have diversity jurisdiction under § 1332(a)(1) because the amount in controversy is $0.

Plaintiff's complaint must also be dismissed because it does not provide sufficient detail from which to identify the Doe Defendant, meaning that it would be impossible to effectuate service. *See Dinkins v. United States*, No. 2:21-cv-08942-CAS-KES, 2022 WL 3130828, at *4 (C.D. Cal. Apr. 14, 2022) ("In order to properly name a 'John Doe' as a [d]efendant,

Plaintiff must have a specific person in mind so that the person's identity can be uncovered through discovery." (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980))); *Strauss v. City of Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985) (noting that a plaintiff "cannot sustain a claim against John Doe without engaging in discovery to identify him" and it is "disfavor[ed]" to allow a complaint to be filed against an unnamed party (citing *Gillespie*, 629 F.2d at 642)).

**4. MISCELLANEOUS MOTION**

In Plaintiff's motion for miscellaneous relief, he requests the same relief as he seeks in his complaint: to stop or prove the radio frequency being directed at him. ECF No. 5 at 2. For the same reasons as discussed above, the Court is constrained to deny his motion for miscellaneous relief.

**5. CONCLUSION**

While the Court is sympathetic to Plaintiff's pain, it is nevertheless constrained to dismiss Plaintiff's case without prejudice for lack of subject matter jurisdiction and because the lack of detail would prevent identifying the Doe Defendant that he names as the sole defendant in this case. The Court will also deny as moot Plaintiff's motion to proceed in forma pauperis, ECF No. 2, because he paid the filing fee, and deny Plaintiff's motion for miscellaneous relief, ECF No. 5.

Accordingly,

**IT IS ORDERED** that Plaintiff James Gustave Malott's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff James Gustave Malott's motion requesting a court order, ECF No. 5, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

<span style="color:red">This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.</span>